### S. D. STONE *v.* THE STATE.

ACCOMPLICE TESTIMONY — CORROBORATION — COUNTERVAILING EVIDENCE.— To corroborate an accomplice witness in a trial for theft the State adduced proof of a peculiar footprint traced from the place of the theft to the premises of the defendant. The defense was not allowed to countervail such proof by evidence that the defendant had not worn or possessed any shoes or boots which were capable of making the footprints in proof. *Held*, that such countervailing evidence was relevant and material, and it was error to exclude it.

APPEAL from the District Court of Brown. Tried below before the Hon. T. L. NUGENT.

Appellant was charged by information with the theft of three sacks of corn in the ear, about a bushel, worth one dollar, and the property of John H. Prather. The jury found a verdict of conviction and assessed the pun-

ishment at a fine of $2.50, and imprisonment for ten days in the county jail.

The only direct evidence incriminative of appellant was the testimony of William Wooldridge, who, testifying for the State, swore that he saw the defendant, in the night of the date alleged in the information, take from Prather's crib three sacks of corn in the ear, worth about a dollar. Witness and one Norton were present at the time, and they, with the assistance of the defendant, carried the corn to witness's house, and there shucked and shelled it. Then the defendant took the shelled corn and carried it to his house.

Mrs. Wooldridge, wife of the preceding witness, testified that she was living with defendant at the time alleged in the information. Defendant left home in the evening of that date, but returned about ten o'clock in the night. Witness heard him open the door of the granary and put something inside. Then he came to the house, and had some unshucked ears of corn in his pocket. The next morning the witness saw about a bushel of shelled corn in a sack in the granary, where she saw no corn the preceding evening. A few days afterwards the witness heard the defendant tell his wife not to say anything about his bringing corn home, because Mr. Prather said he had lost some corn and he would lay it on Wooldridge, who had been to Prather's to buy seed corn and did not get any.

J. H. Prather, the alleged owner, testifying for the State, said he lost some corn about the time alleged, but did not know who took it. He never consented that the defendant, or Wooldridge, or Norton should take it. The corn was taken in the night. Witness found the tracks of three men. One of the tracks was easily distinguishable because it was full of tack-prints. Witness followed the three tracks to William Wooldridge's fence, which was about 150 yards from his house and about 400

from witness's. The next day the witness circled Wooldridge's premises and found where the peculiar track came from the direction of Wooldridge's house. Witness followed that track into defendant's field and it was still going towards defendant's house.

For the defense, L. De Busk testified that on the day after the corn was taken he saw a number of tracks leading from Prather's crib towards Wooldridge's. The defense proposed to prove by this witness the kind of shoes which the defendant possessed, but the evidence was excluded by the court on objection by the State.

R. Rushing, for the defense, testified that he heard Wooldridge and his wife say they would send the defendant to the penitentiary, and that if they could not do it one way they would another.

In rebuttal the State introduced three witnesses who testified that Rushing's general reputation for truth was bad.

No brief for the appellant.

*H. Chilton,* Assistant Attorney General, for the State.

WHITE, P. J. In corroboration of the State's witness Wooldridge, another witness for the State (Prather) had testified to tracks found about his corn-crib just after the date of the alleged theft, and notably about a certain footprint or track made by a shoe or boot which could be easily distinguished from the others "because it was full of tack-prints;" and which particular track had been followed and trailed by the witness in the direction of, and to within a short distance of defendant's house.

Defendant proposed to prove by his witness De Busk (who testified that he saw the tracks the day after the theft) what kind of shoes the defendant wore a short time prior to and the day after the alleged offense, and also what kind and description of shoes defendant had.

This evidence was objected to by the prosecuting officer, and was excluded by the court. We are at a loss to know upon what grounds the court would, could and did exclude this evidence. It was certainly pertinent and called for by the testimony introduced by the State, and defendant had a perfect right, if he could do so, to show that he had never worn and did not possess shoes or boots which could make tracks full of "tack-prints," which was the principal fact against him tending to corroborate the accomplice who had turned State's witness, independent of the statements of the accomplice's wife.

For error in the ruling of the court in excluding this evidence, the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*